IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CV-85-FL

| | |
|---|---|
| JEROME ANTHONY RUFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM and** |
| ) | **RECOMMENDATION** |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff Jerome Anthony Ruffin ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* Public D.E. dated 6 Mar. 2015). For the reasons stated below, the court will allow plaintiff's motion to proceed *in forma pauperis*, but recommend that this case be dismissed.

### ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore GRANTED.

### MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.     BACKGROUND**

Plaintiff's complaint (D.E. 1-1) consists of a three-page typewritten document entitled "Malicious Prosecution." The caption of the complaint names the State of North Carolina as the sole defendant. (*Id.* at 1). Nonetheless, the text of the complaint and the summonses included with it suggest that Robert A. Evans, district attorney, may also be an intended defendant. (*See*

*id.* at 1 (stating Evans' name after "Defendant(s) and names and address (es) if known"); Summonses (D.E. 1-3 at pp. 1-3); *but cf.* Civ. Cover Sheet (D.E. 1-2 at p. 1 § I) (identifying Evans as attorney for defendant State of North Carolina)). It is conceivable that plaintiff's attorney, whom plaintiff does not name, may also be an additional intended defendant. (*See* Compl. at 3 ¶ 2).[1]

Plaintiff alleges that on an unspecified date he was brought before the Nash County (North Carolina) Juvenile Court on unspecified meritless criminal charges. (*Id.* at 3 ¶1). He was found guilty of the charges asserted against him. (*Id.* at 3 ¶ 2). Plaintiff states that his defense attorney failed to explain the court proceedings to him. (*Id.*).

Plaintiff purports to assert a claim for malicious prosecution pursuant to 42 U.S.C. § 1983 ("§ 1983"). (*Id.* at 1 ¶ II). He rests the claim on alleged violations of the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the Constitution by the judges of the State of North Carolina. (*Id.*). Plaintiff also purports to assert a claim for conspiracy to commit the malicious prosecution and failure to stop the malicious prosecution in violation of 42 U.S.C. §§ 1985 and 1986. (*Id.* at 1 ¶ III; 2 ¶ IV). In addition, by virtue of the reference to his attorney, plaintiff may be attempting to assert a claim for ineffective assistance of counsel. (*Id.* at 3 ¶ 2). He does not specify the relief he seeks. Plaintiff alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, providing for jurisdiction over matters raising a federal question, (*id.* at 2 ¶ V), and 1343, providing for jurisdiction over claims under 42 U.S.C. §§ 1985 and 1986.

---

[1] At one point in his complaint, plaintiff states he brought this suit for constitutional violations "by the defendant(s) under the color of law in their capacity as *judge* in residence." (Compl. 1 ¶ II) (emphasis added). But he does not name any judges and the quoted provision is the only explicit reference to judges in his complaint. Thus, it is doubtful that plaintiff did intend to include any judges as defendants. Even if he did, any claims against them would be subject to dismissal on, among other grounds, failure to state a claim upon which relief can be granted due to the lack of any supporting allegations and Eleventh Amendment immunity (which is discussed below).

2

## II. APPLICABLE LEGAL STANDARDS

### A. Frivolity Review

The court must dismiss a case brought *in forma pauperis* if it determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33. The failure to state a claim standard is the familiar one under Fed. R. Civ. P. 12(b)(6). *See, e.g., Sewraz v. Nguyen*, Civ. Act. No. 3:08CV90, 2010 WL 517898, at *1 (E.D. Va. 10 Feb. 2010).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the complaint must "'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir.

1989). Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336-37 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### B.    § 1983 Claims

Section 1983 provides a cause of action for alleged constitutional violations. To establish a claim under § 1983, a plaintiff must prove: "(1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law." *Williams v. Studivent*, No. 1:09CV414, 2012 WL 1230833, at *4 (M.D.N.C. 12 Apr. 2012) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). To show that a defendant acted under the color of state law, "'[t]he person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615-16 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)).

### III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

The court finds that plaintiff's claims fail and are subject to dismissal under 42 U.S.C. § 1915(e)(2)(B) on each of the following grounds: the principles recognized in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the *Rooker-Feldman* doctrine, and failure to state a claim upon which relief can be granted. Each of these grounds is discussed in turn below.

#### A.    *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 487 (emphasis original).

Here, plaintiff has made no showing that his conviction was reversed or subject to any of the other action specified in *Heck v. Humphrey* and, indeed, the allegations in his complaint suggest that it remains in force. Accordingly, any claims by plaintiff challenging such conviction are not cognizable under § 1983 and should be dismissed. *Green v. McClary*, No. 2:07-4160-TLW-TER, 2008 WL 4177307, at *3 (D.S.C. 28 Dec. 2007) ("Until the plaintiff's convictions or fines are set aside, any civil rights action based on the convictions and fines will be barred because of the holding in *Heck v. Humphrey*."), *rep. and recomm. adopted* by 2014 WL 4662428, at *1 (4 Sept. 2008); *see also Martinez v. Chappell*, No. C 12–4356 PJH, 2013 WL 504809, at *2 (N.D. Cal. 11 Feb. 2013) ("Plaintiff is challenging the validity of the restitution aspect of his conviction, but the conviction has not been invalidated, so this claim must be dismissed."); *Hillman v. United States,* No. 1:10–cv–201, 2011 WL 797315, at *5 (S.D. Ohio 11. Jan. 2011) (rejecting § 1983 claim challenging imposition of a fine as part of a criminal conviction where "[n]either that conviction nor any other portion of Plaintiff's conviction and sentence have been reversed on direct appeal, expunged by executive order, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus"), *rep. and recomm. adopted* by 2011 WL 795732, at *1 (1 Mar. 2011).

### B. *Rooker-Feldman* Doctrine

Independent of the principles in *Heck v. Humphrey*, the *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

280 (2005)). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004). A constitutional claim is "inextricably intertwined" with a state court decision if "'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 F. App'x 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (holding that a federal claim is "inextricably intertwined" where "'in order to grant the federal relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual'" (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997))).

In other words, *Rooker-Feldman* applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyer*, 129 F.3d at 733). "The key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself.'" *Willner v. Frey*, 243 F. App'x 744, 747 (4th Cir. 2007) (quoting *Davani*, 434 F.3d at 718). "'[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Brown & Root,*

*Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The harm plaintiff alleges in this case results from an alleged impropriety in the Nash County Juvenile Court proceedings, specifically the imposition of meritless criminal charges against him, his conviction on those charges, and his attorney's failure to properly explain the proceedings of the court during his hearing. A determination of plaintiff's claim in his favor would necessarily require this court to find that the state court proceedings were instituted in an improper manner and produced an improper result. The *Rooker-Feldman* doctrine prohibits this court from making such a determination. Plaintiff, of course, retained access to the state courts for pursuit of such claims. Plaintiff's claims are accordingly subject to dismissal on this independent ground. *See Dye v. Hatfield*, No. Civ.1:03CV01077, 2004 WL 3266029, at *5 (M.D.N.C. 26 Aug. 2004) (finding that civil rights claims based upon "an alleged conspiracy among virtually everyone involved with the North Carolina state court system" which "appear to be nothing more than a collateral attack on decisions of the North Carolina state courts in civil and criminal matters" were barred by *Rooker-Feldman*); *see also Richardson v. Greene*, No. 5:11-CV-202-H, 2011 WL 8318429, at *1 (E.D.N.C. 6 July 2011) (affirming as frivolous plaintiff's complaint which sought review of a state court decision denying his request for appeal of a state court criminal conviction); *Newman v. Alexander*, No. Civ. A. 7:02CV01024, 2003 WL 1746320, at *4 (W.D. Va. 1 Apr. 2013) ("[Plaintiff] is essentially attempting to attack her criminal conviction by accusing the judicial officers involved in her criminal prosecution of conspiring against her. The *Rooker-Feldman* doctrine prohibits this court from hearing claims that seek to determine whether the decisions of a state court were wrong.").

C.  **Failure to State a Claim**

   1.  **Malicious Prosecution**

In limited circumstances, a claim for malicious prosecution is permissible pursuant to § 1983 to redress a claim that meets the common law standards for malicious prosecution and alleges violations of a plaintiff's Fourth Amendment constitutional rights. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 184 (4th Cir. 1996); *Daly v. Virginia*, No. 3:14CV250–HEH, 2014 WL 2759078, at *4 (E.D. Va. 17 June 2014) ("Although it is not an independent cause of action, the prevailing view among federal circuit courts of appeal is that malicious prosecution claims under § 1983 are properly construed to be a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort, i.e., the requirement that the prior proceeding terminated favorably to plaintiff."). Accordingly, to state such a claim for malicious prosecution under § 1983, a plaintiff must establish both an unreasonable seizure as well as a termination of the criminal proceeding favorable to him. *Lambert v. Williams*, 223 F.3d 257, 261-62 (4th Cir. 2000); *Vaughn v. Whitfield*, No. 8:12–cv–2405–RMG, 2013 WL 5144751, at *3 (D.S.C. 12 Sept. 2013) (noting that to the extent plaintiff may assert a malicious prosecution claim pursuant to § 1983, he must "first show an unreasonable seizure and then a favorable termination of the criminal proceeding flowing from the seizure"). In other words, a "plaintiff must show 'that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'" *Bryant v. Carico*, No. 15-1082, 2015 WL 5472642, at *1 (4th Cir. 18 Sep. 2015) (quoting *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012)).

Here, plaintiff specifically alleges in his complaint that he was found guilty of the criminal charges asserted against him. As noted, an element of a malicious prosecution is a

showing that the proceedings were terminated in the plaintiff's favor. Having failed to plead a required element of his claim, plaintiff's claim for malicious prosecution is subject to dismissal on the ground that it fails to state a claim.[2]

## 2. Eleventh Amendment and Prosecutorial Immunity

The Eleventh Amendment provides a state, state agents, and state instrumentalities immunity from suits brought by citizens of the state, as well as citizens of another state. *See, e.g., Kirby v. N.C. State Univ.*, No. 5:13–CV–850–FL, 2015 WL 1036946, at *3 (E.D.N.C. 10 Mar. 2015). Eleventh Amendment immunity bars any claims against the state and Robert Evans in his official capacity (as well the district attorney's office). *Davenport v. Keith*, No. 2:14–CV–36–D, 2014 WL 5790970, at *1 (E.D.N.C. 6 Nov. 2014) ("Finally, the Eleventh Amendment bars plaintiff's claims for damages against [the District Attorney] in his official capacity and against the District Attorney's Office."); *Brown v. Haley*, No. 3:11–2080–MBS, 2012 WL 1191635, at *3 (D.S.C. 10 Apr. 2012) ("Eleventh Amendment state immunity extends to state agencies and instrumentalities such as Defendant Vital Records Department.").

In addition, the law provides absolute immunity from personal liability for activities conducted by "an officer of the court," including prosecutors, as long as the conduct at issue is closely associated with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009); *Puckett v. Carter*, 454 F. Supp. 2d 448, 452 (M.D.N.C. 2006). ("[P]rosecutors enjoy absolute immunity from civil suits for damages for actions taken while performing traditional prosecutorial duties."). Any claim by plaintiff against Evans is connected with his prosecution of the criminal proceedings against him in state court. Absolute immunity therefore bars any such claim against Evans in his individual capacity. *See Manteen-El v. Price*,

---

[2] Although plaintiff does not allege a state claim for malicious prosecution, the fact that the criminal proceeding was not resolved in his favor would also defeat any such claims. *McCallister v. Lee*, No. 7:13–CV–154–FL, 2014 WL 3700337, at *2 (E.D.N.C. 24 July 2014) (quoting *Best v. Duke Univ.*, 337 N.C. 742, 749 (1994)).

10

No. 3:15–cv–58–FDW, 2015 WL 631382, at *3 (W.D.N.C. 12 Feb. 2015) (dismissing § 1983 claims on frivolity review against district attorney and assistant district attorney because they were entitled to prosecutorial immunity for claims arising from their state court prosecution of plaintiff); *Footman v. Banks*, No. 5:13–cv–02320–TLW, 2014 WL 4662428, at *3 (D.S.C. 13 Sept. 2013) (concluding that claims against state prosecutor should be dismissed for frivolity on grounds of prosecutorial immunity), *rep. and recomm. adopted on other grounds* by 2014 WL 4662428, at *2 (17 Sept. 2014).

### 3. Ineffective Assistance of Plaintiff's Counsel

Lastly, to the extent plaintiff is attempting to assert a constitutional claim against his own attorney arising from allegedly ineffective assistance, the claim fails. As an initial matter, even "[a]n appointed criminal defense attorney does not act under color of state law when performing a lawyer's 'traditional functions as counsel to a defendant in [a] criminal proceeding.'" *Gould v. Summey*, No. 2:14–CV–75–FL, 2015 WL 412832, at *2 (E.D.N.C. 30 Jan. 2015) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312. 325 (1981)); *see also Davis v. Reveley*, 439 F. App'x 235, 235 (4th Cir. 2011) (same). Plaintiff, who, again, did not even name his attorney as a defendant, did not include any allegations in his complaint sufficient to establish that the attorney was acting under color of state law. Any such purported claim against plaintiff's attorney is subject to dismissal for failure to state a claim on this additional ground.

## IV. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on plaintiff. Plaintiff shall have until 19 October 2015 to file written objections to the

Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

SO ORDERED, this the 5th day of October 2015.

James E. Gates
United States Magistrate Judge